Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABHIJIT BAGAL,

        Plaintiff,

vs.

KSHAMA SAWANT, in her official and individual capacities, as Councilmember, Position 3, Seattle City Council; LISA HERBOLD, in her official and individual capacities, as Councilmember, District 1, of the Seattle City Council and BRUCE HARRELL, in his official and individual capacities, as the Mayor of the City of Seattle,

        Defendants.

No.   2:23-cv-00721-RAJ

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6)

NOTE ON MOTION CALENDAR:
August 18, 2023

## I.   INTRODUCTION & RELIEF REQUESTED

Plaintiff filed this lawsuit on May 11, 2023, challenging the Seattle City Council's decision to expand its anti-discrimination laws by adding "caste" as a protected class. Plaintiff's Complaint should be dismissed for lack of standing, under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim upon which relief can be granted, under Rule 12(b)(6).

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 1
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Plaintiff asserts that elements of his biography, eating habits, dress, and his wife's last name, mark him as a member of an "oppressor" caste. Compl. ¶¶ 56-57. However, Plaintiff states that he himself does not believe in caste, identify with any caste, or believe that the Hindu religion includes the concept of caste. *Id.* ¶¶ 31-32. Defendants do not question Plaintiff's beliefs and perceptions. However, it is self-evident that the existence of a white American who asserts that they are color-blind and do not see race provides no justification to invalidate anti-racial-discrimination laws. That is the argument presented by Plaintiff's lawsuit.

Indeed, all of Plaintiffs' arguments could apply with equal force to anti-racial-discrimination laws. Plaintiff asserts that "caste" is difficult to define. *Id.* ¶ 18. But "race" is not easy to define either. *Davis v. Guam*, 932 F.3d 822, 836 (9th Cir. 2019) ("[R]ace is a difficult concept to define."). Plaintiff claims that the Anti Caste Discrimination Ordinance will "forcefully assign[] a caste" to him. Compl. ¶ 44. That is analogous to claiming that laws which prohibit discrimination based on race or sexual orientation require the government to "assign" a race or sexual orientation to the people who experience discrimination on those which bases. They do not. Civil rights laws have existed for over one-hundred years in this country. *See 303 Creative LLC v. Elenis*, 143 S. Ct. 2298, 2325-26 (2023) (Sotomayor, J., dissenting) (reviewing history of public accommodations civil rights laws in the United States). Plaintiff's arguments, if accepted, would undermine those laws.

## II.     STATEMENT OF FACTS

### 1.     The Ordinance.

On February 21, 2023, the Seattle City Council discussed and voted to approve Council Bill (CB) 120511 "relating to human rights; including protections against discrimination based on an

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 2
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

individual's caste. . . ."[1] The City Council made minor amendments and voted 6-1 in favor of amended CB 120511.[2] Mayor Bruce Harrell signed CB 120511, now known as Ordinance 126767 ("Ordinance"), on February 23, 2023.[3]

The Ordinance adds caste as a protected class to the City's pre-existing anti-discrimination laws relating to employment, housing, contracting, and public accommodations. It defines "caste" as a "system of rigid social stratification characterized by hereditary status, endogamy, and social barriers sanctioned by custom, law, or religion.[4] In relevant part,[5] the Ordinance makes it:

- Unlawful for an individual to discriminate in the workplace based on caste or other protected category. SMC 14.04.030 (list of protected categories amended to add caste); *see generally* SMC Chapter 14.04 (defining and prohibiting various forms of workplace discrimination).

- Unlawful for an individual to discriminate based on caste or other protected category in places of public accommodation. SMC 14.02.020 & 14.06.030(5) (list of protected categories amended to add caste); *see generally* SMC Chapter 14.06 (defining and prohibiting various forms of discrimination in public accommodations).

- Unlawful to discriminate in real estate prohibitions, landlord-tenant transactions, in section 8 housing, in the construction of buildings, or to interfere with the quiet or peaceful possession or enjoyment of real property based on caste or other protected category. SMC 14.08.020 & 14.08.045 (list of protected categories amended to add caste); *see generally* SMC Ch. 14.08 (defining and prohibiting various forms of discrimination connected to real property).

- Unlawful to deny someone access to use or enjoyment of a public park based on caste or other

---

[1] *See* http://seattle.legistar.com/View.ashx?M=F&ID=11707598&GUID=AA82FB2B-D2E1-4982-9866-8FEA85615EA5 (Ordinance 126767, hereinafter "Ordinance"); *see also Judith Basin Land Co. v. Fergus Cnty., Mont.*, 50 F.2d 792, 794 (9th Cir. 1931) ("Courts of the United States take judicial notice of the laws of any state, whether depending on state statutes or judicial decisions."). A copy of the Ordinance is attached as Exhibit A for convenience.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] The Anti Caste Discrimination Ordinance also amends many code provisions that Plaintiff does not appear to be challenging. *See* SMC 6.02.270 & 6.202.230 (City authorized to deny, revoke, or refuse to renew business license if licensee violates any law that prohibitions discrimination on the basis of caste or other identified characteristics); SMC 3.110.260(B) (prohibiting public corporations from discrimination based on caste and other characteristics); SMC 4.80.020 (applies to the City as an employer); SMC 14.10.010 (no discrimination in contracting), SMC 14.11.020 (police officers prohibited from discriminating).

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 3
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

protected category. SMC 18.12.280.

The Seattle Office for Civil Rights (SOCR) is charged with enforcing the Anti Caste Discrimination Ordinance.[6]

### 1. Plaintiff's Claims.

According to the Complaint, Plaintiff is a resident of North Carolina who lived in Seattle for two years while attending Seattle University from 1995 to 1997.[7] Plaintiff identifies as a "Hindu American citizen and a first-generation immigrant from India."[8] He asserts that Seattle's prohibition of discrimination based on caste violates the First and Fourteenth Amendments.[9] He asserts that the Ordinance was designed to explicitly target members of the South Asian, and particularly the Indian, community.[10] He further alleges that the classification of caste as a protected class targets South Asians, particularly Indians, and members of the Hindu religion while providing an exemption for other races.[11] Plaintiff challenges the Ordinance on the basis that it violates the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment, and the Due Process Clause of the Fourteenth Amendment.[12]

### III. APPLICABLE LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Unlike a complaint's factual allegations, legal

---

[6] Complaint, at p. 16, ¶ 54; Ordinance at pp. 6-7.
[7] Complaint, at p. 8 ¶¶ 19, 27.
[8] Complaint, at p. 8, ¶¶ 19, 27.
[9] Complaint, at pp. 34-38, ¶¶ 90-111.
[10] Complaint at p. 3, ¶ 8.
[11] *Id.* at pp. 8, ¶ 19.
[12] *Id.* at pp. 39-46, ¶¶ 112-156.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 4
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

conclusions are not entitled to an assumption of veracity. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

A challenge to a court's subject matter jurisdiction due to standing is properly brought in a motion under Fed. R. Civ. P. 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Additionally, in ruling on a 12(b)(1) motion to dismiss for lack of jurisdiction, courts generally are "free to . . . resolv[e] factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983).

### IV.   ARGUMENT

**1. Plaintiff's First and Fourteenth Amendment claims fail for lack of standing should be dismissed under FRCP 12(b)(1).**

Constitutional standing requires three elements:

First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely "speculative," that the injury will be "redressed by a favorable decision.'

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff bears the burden of proof to establish each of these elements. *Id*. at 561. Here, Plaintiff has not met this burden.

Plaintiff appears to assert two types of injuries arising under the First and Fourteenth Amendments: first, Plaintiff argues that adding "caste" to a list of protected classes creates a general stigma and targets those that practice the Hindu religion and/or those that are of South Asian descent, particularly Indians; and second, Plaintiff argues that he fears prosecution for caste discrimination if he travels to Seattle. Neither of these claimed injuries is sufficient to confer standing.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 5
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

A. <u>Plaintiff's First Amendment Claims.</u>

Plaintiff lacks standing to assert his First Amendment claims, namely that the Ordinance violates free expression of religion and that it is unconstitutionally vague. Plaintiff appears to fear enforcement of the municipal code sections affected by the Ordinance because the term caste "is not a term that is familiar to most Americans," thus, he could be prosecuted for violations based on speculation.[13] However, Plaintiff cannot demonstrate injury-in-fact and thus he lacks standing.

Plaintiff appears to argue that the addition of caste to the list of protected classes for purposes of discrimination "ascribes a negative (and false) attribute to a particular faith – Hinduism – that is not neutral or general applicable since it singles out only a supposed practice of the Hindu religion."[14] By including caste in the list of protected classes, Plaintiff alleges that he is deemed to be discriminatory based on his Hindu faith and that those from other religions are not deemed to be discriminatory.[15] He also claims that he faces "certainly impending injuries under the caste law."[16] Plaintiff, who has not resided in Seattle since 1997, appears to argue that he is afraid to travel to Seattle to attend Seattle University alumni events and utilize the career services offered by the university out of fear of having the Ordinance enforced against him.[17] He claims that he will be subject to enforcement action "based on [his] skin color/tone, occupation of ancestors, and/or diet."[18] For example, Plaintiff asserts that the Ordinance could be enforced against him for ordering a vegetarian meal at the Seattle University Cafeteria or for wearing a religious marker, namely a *Mauli*, on his wrist.[19] None of those activities constitute discrimination based on caste.

---

[13] *Id.* at ¶ 57.
[14] Complaint, at pp. 36, ¶ 98.
[15] *Id.* at ¶¶ 99-100, 124.
[16] *Id.* at ¶ 114.
[17] Complaint, at p. 10, ¶¶ 28-29.
[18] *Id.*
[19] *Id.*

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 6
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Consequently, any injuries Plaintiff may attempt to claim from the Ordinance are neither concrete or particularized, nor actual or imminent; they are, at best, hypothetical. In order for Plaintiff to be potentially injured by the effects of the Ordinance, he would have to (1) travel to Seattle from his home in North Carolina, (2) SOCR must take enforcement action against him because he has discriminated in a workplace, public accommodations, housing, or parks. Ordering a vegetarian meal or wearing a religious marker is insufficient to establish a credible threat of enforcement because it is not an act of discrimination under any of the City's anti-discrimination laws and Plaintiff has not (and cannot) allege that it is. Plaintiff simply cannot demonstrate injury to have standing in this particular case.

B. <u>Although not directly pleaded by Plaintiff, any argument that the Ordinance chills Plaintiff's First Amendment rights should be dismissed for lack of standing under FRCP 12(b)(1).</u>

Plaintiff repeatedly asserts that "Enforcing the caste law will not only cause Plaintiff (and others similarly situated) to live with the fear of being disciplined for committing discrimination . . . ."[20] Although Plaintiff does not make a First Amendment challenge on this basis, Plaintiff's claims appear to be an argument that Plaintiff's freedom of religion would be chilled by the Ordinance. Plaintiff also appears to argue that he would be chilled from traveling to Seattle as a result of the Ordinance. Plaintiff lacks standing to make such arguments.

Any allegation that Plaintiff's ability to practice his religion would be chilled is insufficient for standing because, again, the possibility of enforcement is not actual or imminent. Under the First Amendment, mere "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Clapper v. Amnesty Int'l USA*,

---

[20] *Id.* at p. 41, ¶ 127, p. 43, ¶ 140, p. 45, ¶ 153.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 7
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

568 U.S. 398, 418 (2013). Again, under *Lujan,* the injury must be "actual or imminent, not 'conjectural' or 'hypothetical,'" 504 U.S. at 560–61. "In order to have standing, therefore, a litigant alleging chill must still establish that a concrete harm—i.e., enforcement of a challenged statute—occurred or is imminent." *Morrison v. Bd. of Educ. of Boyd County*, 521 F.3d 602, 610 (6th Cir. 2008).

Again, Plaintiff's injuries are hypothetical at best. Plaintiff has not established that he will be prosecuted for discrimination specifically based on caste in the context of workplace, licensing, employment, public accommodations, housing practices, contracting, policing, or parks and recreation, if Plaintiff chooses to travel to Seattle. The possibility of Plaintiff being prosecuted for such conduct does not present a credible threat of enforcement. Thus, any chilling argument made by Plaintiff must similarly be dismissed for lack of standing.

**2.     Even if Plaintiff has standing to bring some or all of his claims, Plaintiff's claims fail on the merits.**

A.     <u>Vagueness.</u>

Plaintiff challenges the Ordinance on the basis that the term "caste" is unconstitutionally vague in violation of the Fourteenth Amendment. In effect, this is a challenge to the laws modified by the Ordinance.

Federal courts "must be cautious in determining the constitutionality of a municipal ordinance where the state supreme court has not provided a controlling interpretation of its meaning." *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 939 (9th Cir. 1997). As a preliminary matter, the Washington Supreme Court has not addressed whether the term "caste" is unconstitutionally vague. However, Plaintiff has not met the burden of proving that the term "caste" is unconstitutionally vague. The Ordinance defines "caste" as a "system of rigid social stratification characterized by hereditary

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 8
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

status, endogamy, and social barriers sanctioned by custom, law, or religion." Plaintiff has not met the heavy burden of proving that the term "caste" is unconstitutionally vague.

First, the City's anti-discrimination laws are not vague "as applied" to Plaintiff, because it is abundantly clear that none of the City's laws prohibit the conduct that he wants to engage in—e.g., attending academic events, wearing a *mauli*, talking about his occupation, eating a vegetarian meal, etc. Accordingly, Plaintiff cannot himself complain that he does not have fair notice as to whether his conduct is proscribed. Therefore, he cannot prevail on a theory of lack of fair notice, because the Ordinance is not vague as applied to his own actions. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 495 (1982).

Second, the City's anti-discrimination laws are not facially impermissibly vague. A statute is unconstitutionally vague on its face only if it is vague in all its applications. *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 972 (9th Cir. 2003) The Supreme Court has explained that "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications. *Hill v. Colorado*, 530 U.S. 703, 733 (2000) (citations and internal quotation marks omitted). Plaintiff has not cited even a single example of a factual situation in which it would be unclear under the Ordinance whether or not the conduct constitutes caste discrimination. Accordingly, his vagueness claim must be dismissed.

B. <u>Free Exercise.</u>

The Free Exercise Clause of the First Amendment bars laws "prohibiting the free exercise [of religion.]" U.S. Const. amend. I. The Anti Caste Discrimination Ordinance does not expressly burden any individual's religious practice or draw any express distinction based on religion. Plaintiff suggests that it applies only to "persons of Indian/South Asian Origin and members of the Hindu religion" and

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 9
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

"provide[s] exemption" to other groups. Compl. ¶ 20. It appears that Plaintiff may be under the misimpression that the Ordinance allows certain groups, white people for example, to discriminate against individuals based on their caste; it does not. Rather, the Ordinance is, on its face, neutral and generally applicable. Accordingly, even if the Ordinance has an incidental burden on Plaintiff's religious practice, rational basis rather than strict scrutiny review applies. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1129 (9th Cir. 2009) ("[A] law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." (quoting *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993)); *accord Am. Family Ass'n, Inc. v. City & Cty. of S.F.*, 277 F.3d 1114, 1123–24 (9th Cir. 2002). The Ordinance easily survives rational basis review, because fighting discrimination and ensuring equality in the workplace, housing, real estate, public accommodations, and public parks are plainly government interests of the utmost importance.

Here, however, Plaintiff cannot make it past the first step of the analysis, because he does not assert any burden on his exercise of religion. A Free Exercise claim must be based on a compulsory government action that burdens religious practice, but Plaintiff does not "allege any specific religious conduct that was affected by the" Anti Caste Discrimination Ordinance. *See American Family*, 277 F.3d at 1124. Plaintiff simply does not assert that he is prevented in any way from practicing his faith.

Here, at most, Plaintiff has asserted that aspects of the Anti Caste Discrimination Ordinance offend him. He states that the word "caste" is a "pejorative and demeaning term." Compl. ¶ 22. However, the Ninth Circuit has held that "[o]ffensive content that does not penalize, interfere with, or otherwise burden religious exercise does not violate Free Exercise rights." *California Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1020 (9th Cir. 2020). "An actual burden

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 10
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

on the profession or exercise of religion is required." *Id*. (quoting *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1543 (9th Cir. 1985) (Canby, J., concurring)).

The Ninth Circuit addressed an analogous claim brought by Hindu parents challenging the history curriculum of California public schools. *California Parents*, 973 F.3d 1010. The parents claimed, among other things, that the curriculum unfairly singled Hinduism out for negative treatment by teaching that caste "was a cultural and social structure as well as a religious belief." *Id.* at 1014. The Ninth Circuit upheld dismissal of the parents' Free Exercise claim at the motion-to-dismiss stage on the basis that they had not adequately alleged a burden on religious exercise. *Id*. at 1020.

Nor does Plaintiff allege any expression of hostility toward Hindu Americans. *In Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, the Supreme Court addressed a Free Exercise claim involving expressions of hostility by government officials who were deciding a civil-rights claim against the plaintiff. 138 S.Ct. 1719, 1729 (2018). The Court held that an expression of "clear and impermissible hostility toward the sincere religious beliefs interfered with the claimant's Free Exercise rights during that adjudicatory process." *Id*. Plaintiff alleges no expressions of hostility by any City official toward Hindu Americans here.

Accordingly, Plaintiff's Free Exercise claim should be dismissed with prejudice because his allegations suggest at most that the Anti Caste Discrimination Ordinance is offensive to his beliefs." *California Parents*, 973 F.3d at 1020.

C.      Establishment Clause.

The First Amendment of the United States Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982).

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 11
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

"A government practice has the effect of impermissibly advancing or disapproving of religion if it is sufficiently likely to be perceived by adherents of the controlling denominations as an endorsement, and by nonadherents as a disapproval, or their individual religious choices." *Brown v. Woodland Joint Unified Sch. Dist.*, 27 F.3d 1373, 1378 (9th Cir. 1994) (internal citations omitted). Government action is permissible if the "principal or primary effect" neither advances nor inhibits religion . . . ." *California Parents for Equalization of Educ. Materials v. Torlakson*, 370 F. Supp. 3d 1057, 1067 (N.D. Cal. 2019). This test asks: "whether it would be objectively reasonable for the government action to be construed as sending primarily a message of either endorsement or disapproval of religion." *Id.* (citing *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1398 (9th Cir. 1994). In determining whether it disproves of religion, the question is whether an "objective, reasonable observer would find much of the challenged material entirely unobjectionable." *California Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1021 (9th Cir. 2020).

In *Calif. Parents*, the parents alleged that the new California public school curriculum discriminated against Hindus by teaching, among other subjects, the caste system, as well as portraying the Hindu curriculum as secular while discussing other religions in a non-secular manner. 973 F.3d 1010. The Ninth Circuit explained that a reasonable observer would not find much of the challenged curriculum materials, such as a description of caste as a Hindu religious belief, or the reference to an invasion, as having the primary effect of disparaging Hinduism. *Id.* at 1021. Even if the materials had some hostility to religion, "they would not violate the Establishment clause unless that were the "principal or primary effect." *Id.* at 1022. In this case, no reasonable observer would find the prohibition of caste discrimination to be objectionable, nor could any alleged hostility to religion be the primary effect of banning caste discrimination. Accordingly, Plaintiff's Establishment Clause claim is like the parents' claim in *California Parents* and must be dismissed.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 12
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

In the present case, Plaintiff claims that, by adding caste as a protected class for purposes of specific laws, the Ordinance defines the contours of Hinduism.[21] The plain text of the Ordinance does not support such a reading. The Ordinance does not define the term "caste" as connected to a particular religion. In fact, the opposite is true. The Findings Section of the Ordinance makes it explicitly clear that caste is *not* specific to, inherent in, or limited to Hinduism or South Asia.[22]

D.     Equal Protection.

Plaintiff also contends that the Anti Caste Discrimination Ordinance violates the Equal Protection Clause of the Fourteenth Amendment. Compl. ¶¶ 101-106. In support of this claim he asserts the following facts. Defendants "intentionally or implicitly intended to target members of the Indian/South Asian community and adherents of the Hindu religion wrongly and unfairly for disparate treatment under the new cast law…" *Id*. ¶ 8. He asserts that the Ordinance "unfairly singles out and targets" and "treat[s] disparately people based on their ancestry, creed, . . . national origin, and religion." *Id.* ¶¶ 11, 20.

The Anti Caste Discrimination Ordinance is facially neutral, because it applies equally to all people—no one is allowed to discrimination against another person based on caste, regardless of whether the perpetrator is Hindu or Indian American and regardless of whether the perpetrator themselves identifies as belong to a caste. Therefore, the anti-caste ordinance violates The Equal Protection Clause if it both has a racially disparate impact and plaintiff adequately alleges that the City

---

[21] *See* Complaint, p. 43, ¶ 134.

[22] The Ordinance's Findings section states: "Although caste is often associated with Hinduism and India, it transcends geographic boundaries, with caste-based discrimination showing up in Christian and other religious communities, all over South Asia, and in Southeast Asian and African communities, including Japan, the Middle East, Nigeria, Somalia, and Senegal." Ordinance, Findings Section 22(B).

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 13
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Council was motivated to enact the statute at least in part by discriminatory animus. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977).

Plaintiff here has not sufficiently alleged that City Council was motivated by animus. In making that determination, courts consider the following factors. First, "[t]he historical background of the decision." *Arlington Heights,* 429 at 267. Second, "[t]he specific sequence of events leading up to the challenged decision also may shed some light on the decisionmaker's purposes." *Id.* Third, departures from normal legislative procedures. *Id.* Fourth, whether the effect of the action "'bears more heavily on one race than another' may provide" evidence of animus. *Id.* at 266. Finally, legislative history is relevant. *Id.* at 268. The *Arlington Heights* factors are not exhaustive and no single factor is individually dispositive. 429 U.S. at 268, 97 S.Ct. 555. "Whenever a challenger claims that a . . . law was enacted with discriminatory intent, the burden of proof lies with the challenger." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018).

Plaintiff has not met that burden. Plaintiff's allegations regarding the legislative process are the following:

- The below paragraph was added to the Ordinance during the legislative process in order to hide its discriminatory animus (¶ 3):
    - "Although caste is often associated with Hinduism and India, it transcends geographic boundaries, with caste-based discrimination showing up in Christian and other religious communities, all over South Asia, and in Southeast Asian and African communities, including Japan, the Middle East, Nigeria, Somalia, and Senegal." Ordinance, Findings Section 22(B).
- City Council broke its own protocol by not considering the draft ordinance in committee. Compl. ¶ 4;
- The Ordinance "tak[es] the position that caste is inextricably intertwined with the Hindu religion and India/South Asia." *Id.* ¶ 8.
- The Ordinance's use of the word "caste" itself is pejorative and demeaning. *Id.* ¶ 22.
- A City Council policy memorandum uses confusing definitions of caste taken from Merriam-Webster Dictionary and the United Nations Special Rapporteur on minority issues. *Id.* ¶ 55.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 14
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

- The legislative findings section of the Ordinance relies on "unscientific and spurious" data from an organization called Equality Labs. According to Plaintiff, Equality Labs is a Dalit rights group that "demonize[s] Indian and Hindu cultural and religious practices." Equality Labs founder and political director have allegedly promoted hatred toward Hindu Americans. *Id.* ¶¶ 58-65, 68.

- The Ordinance's preamble cites to an editorial published in the *New York Times* that purportedly "maps White American elitism to the upper castes of India." *Id.* ¶ 66

- The Ordinance's legislative findings cite to an out-of-state court case involving allegations of caste discrimination, but that court case has allegedly since been resolved in favor of defendant. *Id.* ¶ 67, 69-71, 79, 85.

The only alleged facts in this list that arguably show animus are the allegations against the founder and political director of Equality Labs—not against any City councilmember. Plaintiff dose not assert that any of the councilmembers were familiar with the allegedly offensive statements made by these officers. The Ordinance's preamble describes Equality Labs as a "Dalit civil rights organization dedicated to ending caste apartheid, gender-based violence, Islamophobia, white supremacy, and religious intolerance." That is also how Equality Labs is described on its own website[23] and in news articles.[24] Accordingly, Plaintiff is unable to state a claim for a violation of the Equal Protection Clause because he has not sufficiently alleged legislative animus.

Although the Complaint does not sufficiently assert animus, Defendants will take the opportunity to directly respond to Plaintiff's allegation that the City Council broke its protocol by not having a discussion about the draft law in committee. Compl. ¶ 4. The General Rules and Procedures of the Seattle City Council, Rule III.A.1.c (page 12),[25] set out the process for referring a bill directly to

---

[23] www.equalitylabs.org

[24] https://www.nytimes.com/2020/07/14/opinion/caste-cisco-indian-americans-discrimination.html

https://www.bbc.com/news/world-asia-india-65819688?at_bbc_team=editorial&at_format=link&at_campaign_type=owned&at_link_origin=BBCNews&at_link_id=5658A46A-0674-11EE-A74B-FAF3D772BE90&at_ptr_name=twitter&at_link_type=web_link

[25] http://seattle.legistar.com/View.ashx?M=F&ID=10891766&GUID=4C3D3A1D-CF6B-4128-BCF7-2B9CA9F4449A

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 15
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

full council or instead referring it to committee. Plaintiff does not allege that process was not followed, and there is nothing in the rules that prohibits referral to full council.

Plaintiff also asserts that the Ordinance "result[s] in racial profiling," compl. ¶ 16 but alleges no factual allegations that could plausibly support such a conclusory assertion. Indeed, he does not allege that the City has taken enforcement action against even a single person for committing caste discrimination since the Ordinance took effect. Accordingly, the Court need not credit or address Plaintiffs' allegation of racial profiling.

Plaintiff baldly states that the Anti Caste Discrimination Ordinance will "forcefully assign[] a caste" to him. Compl. ¶ 44. The Court need not credit this assertion, which has no basis in the text of the Ordinance. The falsity of this assertion is illustrated by the fact that laws prohibiting discrimination based on race and sexual orientation have been enacted and implemented in jurisdictions nationwide. *See 303 Creative LLC v. Elenis*, 143 S. Ct. 2298, 2327-30 (2023) (Sotomayor, J., dissenting). Plaintiff is unable to plausibly assert that those laws require "assigning" a race or sexual orientation to the people who experience those forms of discrimination.

Finally, Plaintiff argues that the Ordinance "declare[s] Plaintiff to be inherently discriminatory." Compl. ¶ 44. The complaint does not explain Plaintiff's thinking on these points, but, drawing reasonable inferences, Plaintiff seems to base his contentions on his own perception that most people who commit acts of caste discrimination are Hindu Americans or of South Asian descent.[26] Assuming for purpose of this motion that is factually true, as the Court must on a motion to dismiss, it would not undercut in any way the important government purpose underlying the Ordinance. Plaintiff

---

[26] For example, Plaintiff asserts that the Ordinance "provide[s] exemption (from perpetrating caste discrimination) to other Americans *e.g.*, White Americans, Chinese Americans, Native Americans/Alaska Natives, and Native Hawaiians & Other Pacific Islanders." Compl. ¶ 20.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 16
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

does not and cannot explain why it would be problematic for the City to seek to eradicate invidious discrimination *within* a minority community. Thus, even if Plaintiff's allegations were proven, they do not undermine the substantial government purpose of making Seattle more equal.

In sum, the Ordinance easily withstands rational basis review, and it does not violate the Equal Protection Clause.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss the Plaintiff's Complaint in its entirety under FRCP 12(b)(1) or 12(b)(6). Plaintiff has not met his burden to establish standing to bring the present suit; in addition, Plaintiff fails to state any claim upon which relief can be granted. Thus, the Court lacks subject matter jurisdiction, and dismissal is appropriate.

DATED this 21st day of July, 2023.

I certify that this memorandum contains 5,130 words, in compliance with the Local Civil Rule 7(e).

ANN DAVISON
Seattle City Attorney

By: */s/Kerala Cowart*
Kerala Cowart, WSBA# 53649
Natasha Khanna, WSBA #52870
Assistant City Attorneys

E-mail: kerala.cowart@seattle.gov
E-mail: natasha.khanna@seattle.gov

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 17
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Phone: (206) 733-9001

*Attorneys for Defendants Kshama Sawant, Councilmember, Lisa Herbold, Councilmember and Bruce Harrell, Mayor of the City of Seattle*

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 18
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200