**EXHIBIT B - DECLARATION 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Judgement on the Pleadings [DE 90]

## I. INTRODUCTION

On February 28, 2023, Sunil Kumar and Praveen Sinha (collectively, "Plaintiffs") filed a First Amended Complaint ("FAC") against Jolene Koester ("Defendant") in her capacity as Chancellor of California State University ("CSU"). (ECF No. 80.) Plaintiffs allege that CSU's inclusion of the term "caste" in its interim antidiscrimination policy ("Policy") constitutes discrimination against people of South Asian descent and practitioners of the Hindu faith. Plaintiffs allege the Policy violates numerous provisions of both the federal and California constitutions.

Presently before the Court is Defendant's Motion for Judgment on the Pleadings and Plaintiffs' Cross-Motion for Judgment on the Pleadings. For the following reasons, the Court **GRANTS** Defendant's Motion **in part** and **DENIES** Plaintiffs' Cross-Motion.

## II. FACTUAL BACKGROUND

Plaintiffs are CSU professors of South Asian descent and adherents to the Hindu faith. (FAC ¶¶ 16–18.) Furthermore, Plaintiffs hold "sincere religious belief[s] that neither caste nor a discriminatory caste system are in any way part of the Hindu religion or its teachings." (FAC ¶ 18.)

On January 1, 2022, CSU instituted the Policy, which prohibits discrimination based on "nationality, race or ethnicity (including color, caste or ancestry)." (FAC ¶ 1.) According to Plaintiffs, the Policy's use of the term "caste" denotes "a strict Hindu social and religious hierarchy." (FAC ¶ 37.) Thus, Plaintiffs argue, the Policy applies unevenly to Hindu practitioners and individuals of South Asian descent. (FAC ¶¶ 3, 5, 9, 37.) Specifically, Plaintiffs contend that the Policy violates multiple Constitutional provisions. (FAC ¶¶ 78, 91, 114, 128.) First, Plaintiffs claim that the Policy violates the Equal Protection Clause because it promotes harmful racial and religious stereotypes. (Pls.' Opp'n 12, ECF No. 91.) Second, Plaintiffs claim that the Policy violates the Free Exercise Clause by falsely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

associating caste discrimination with Hinduism, thus "exposing Plaintiffs' sincere religious beliefs to public ridicule." (*Id.* 17–18.) Third, Plaintiffs contend that the Policy violates the Establishment Clause by defining the Hindu religion as including a caste system. (*Id.* 14.) Fourth, Plaintiffs allege that the Policy violates the Due Process Clause because it is vague. (*Id.* 10.) Plaintiffs contend the Policy fails to define the term, which is not understandable to people of ordinary intelligence. (*Id.*) Plaintiffs also allege the same violations of the California Constitution. (FAC ¶¶ 100, 121, 138.)

In accordance with their other claims, Plaintiffs seek a declaratory judgment declaring that the Policy's reference to "caste" is unconstitutional and an injunction to prevent Defendant from enforcing the "caste" provision. (FAC ¶ 68.)

**III. JUDICIAL STANDARD**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) is "functionally identical" to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The same judicial standard applies to motions brought under either rule. *Cagasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). The only significant difference is that a Rule 12(c) motion is brought after an answer has been filed, but early enough not to delay trial, whereas a Rule 12(b)(6) motion must be filed before an answer. Fed. R. Civ. P. 12(b)–(c).

In ruling on a Rule 12(c) motion, courts must assume the allegations in the challenged complaint are true and must construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV. DISCUSSION**

Defendant argues that none of Plaintiffs' claims are justiciable, as their claims are unripe and Plaintiffs lack standing. Furthermore, Defendant argues that, even if the claims are justiciable, Plaintiffs have failed to properly plead their claims.

As to Defendant's justiciability challenge, Article III limits the jurisdiction of federal courts to cases and controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Two essential doctrines of the Article III case or controversy requirement are standing and ripeness. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

For a plaintiff to establish Article III standing, he must establish that: (1) the plaintiff suffers from an injury in fact stemming from a concrete and imminent invasion of a legally protected interest; (2) the defendant's behavior or actions caused the injury; and (3) the injury is likely "redressable" by a favorable decision. *Lujan*, 504 U.S. at 560–61. Injury in fact, for purposes of Article III standing, is established by a showing that an injury is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117 (9th Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)) (internal quotation marks omitted). A threatened future injury must be "certainly impending" and highly speculative fears that rely on a chain of possibilities do not satisfy this requirement. *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 409–410 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Allegations of potential future harm alone are also insufficient. *Id.* at 409. Ripeness is often indistinguishable from the injury in fact component of standing. *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).

A plaintiff whose constitutional rights have not been violated may nevertheless bring a facial challenge to a law that implicates the First Amendment without meeting the traditional injury in fact requirement. *Tennison v. Paulus*, 144 F.3d 1285, 1287 (9th Cir. 1998). Under this relaxed standard, a plaintiff has suffered an injury sufficient to establish standing if he argues that a policy burdens protected First Amendment activity. *See Real v. City of Long Beach*, 852 F.3d 929, 933 (9th Cir. 2017) (holding that an artist had standing to bring a First Amendment facial challenge to a zoning ordinance by simply asserting that the ordinance restricted a protected activity). However, "the mere existence of a proscriptive statute" is insufficient to assert a justiciable claim. *Thomas*, 220 F.3d at 1139. Instead, to establish standing, a plaintiff must have a "concrete plan" to violate the relevant law or face a credible threat of enforcement for its violation. *Id.* This relaxed standard for asserting a justiciable injury in fact also applies to due process challenges implicating First Amendment interests. *Arce v. Douglas*, 793 F.3d 968, 987–88 (9th Cir. 2015).

The Court agrees that Plaintiffs do not have standing to assert their Equal Protection and Free Exercise claims. However, Plaintiffs have standing and have adequately asserted their Establishment Clause and Due Process claims. The court addresses each claim in turn.

**A. Fourteenth Amendment and California Constitution Equal Protection Claims (Claims Five and Six)**

The Equal Protection Clause of the Fourteenth Amendment ensures that all individuals are treated equally under a policy or law. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, an Equal Protection claim must allege that a defendant discriminated against a plaintiff on the basis of a protected category, such as race, ethnicity, or religion. *Id.* at 440; *Hartmann v. Cal. Dep't*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

*of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). Unlike First Amendment claims, claims under the Equal Protection Clause are not entitled to a relaxed standing standard. *See Citizens of Fair Representation v. Padilla*, 815 Fed. App'x 120, 123 (9th Cir. 2020) (holding that plaintiffs lacked standing to assert an Equal Protection claim because they made only speculative and conclusory allegations regarding unknown future actions); *see also Lujan*, 504 U.S. at 560–61.

Here, Plaintiffs argue the Policy violates the Equal Protection Clause for two reasons. First, Plaintiffs contend the Policy impermissibly stigmatizes individuals of South Asian descent and Hindu practitioners. Because the term "caste" is inextricably linked to those groups, Plaintiffs contend the Policy promotes the stereotype that members of those groups practice a "racist and inhumane system of discrimination and violence against others." (Pl.'s Opp'n 12.) Second, Plaintiffs contend the policy could be enforced unevenly, providing protection to some individuals but denying it to others. Specifically, Plaintiffs contend the Policy protects individuals of Asian descent, but denies this same protection to non-Asian individuals who experience discrimination on the basis of class or social status. Neither injury is sufficient to establish standing.

Regarding the first alleged injury, abstract stigmatic injuries are insufficient to confer standing. *Allen v. Wright*, 468 U.S. 737, 755 (1984). Instead, the injury of stigma "accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct." *Id.* (quoting *Heckler v. Mathews*, 465 U.S. 728, 239–40 (1984)) (internal quotation marks omitted). Plaintiffs' broad allegation that the Policy stigmatizes Hindu practitioners and individuals of South Asian descent fails to meet this standard.

Plaintiffs' second alleged injury—that the Policy provides insufficient protection to non-Asian victims of class discrimination—fails for multiple reasons. First, Plaintiffs do not allege that they personally would be denied protection under the Policy. Indeed, as individuals who identify as South Asian, Plaintiffs are members of the very group they contend would unfairly *benefit* from the Policy. Second, Plaintiffs do not allege that the Policy has already been enforced in a discriminatory manner. Rather, Plaintiffs merely allege that the Policy is susceptible to uneven enforcement. This "conjectural or hypothetical" injury is insufficient to confer standing. *Wakefield*, 51 F.4th at 1117.

Because Plaintiffs do not meet the injury in fact requirement, the Court need not address the remaining standing requirements. *Carroll v. Nakatani*, 342 F.3d 934, 943 (9th Cir. 2003). Analysis of California's Equal Protection Clause is "substantially similar" to the analysis of the federal Equal Protection Clause. *RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1154 (9th Cir. 2004). Therefore, Plaintiffs also lack standing to assert their state Equal Protection claim. Accordingly, the Court **GRANTS** Defendant's Motion with respect to the federal and state Equal Protection claims.

**B. First Amendment Free Exercise and California Constitution's No Preference Claims (Claims Two and Four)**

**EXHIBIT B - DECLARATION 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

The Free Exercise Clause prohibits any policy from "exert[ing] any restraint on the free exercise of religion." *Sch. Dist. Of Abington Twp. v. Schempp*, 374 U.S. 203, 222 (1963). Thus, a Free Exercise challenge requires a plaintiff to allege that the government has burdened one of his religious practices or operates against the practice of his religion. *Id.*; *Cal. Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1019 (9th Cir. 2020). Here, even assuming that Plaintiffs have met the relaxed justiciability requirements for a First Amendment facial challenge, Plaintiffs emphatically denounce the caste system and reject the notion that it is part of their religion. Thus, the Policy does not threaten any of Plaintiffs' rights to practice their religion. As such, Plaintiffs fail to state a proper Free Exercise claim.

The Free Exercise Clause analysis is generally similar between the federal and California constitutions. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1392 (9th Cir. 1994). Accordingly, the Court **GRANTS** Defendant's Motion with respect to the federal Free Exercise claim. Further, the Court **GRANTS** Defendant's Motion with respect to the free exercise portion of the California No Preference claim.

### C. First Amendment and California Constitution Establishment Clause Claims (Claims Three and Four)

The Establishment Clause ensures that the government does not endorse a specific religion or religious practice. *Edwards v. Aguillard*, 482 U.S. 578, 587 (1987) (citing *Wallace v. Jaffree*, 472 U.S. 38, 75 (1985)). Similarly, the Establishment Cause prohibits government favoritism of one religion over another. *Larson v. Valente*, 456 U.S. 228, 244 (1982). Policies that are not neutral with respect to religion violate this clause. *McCreary Cnty. v. ACLU*, 545 U.S. 844, 860 (2005). Although not entirely clear, Plaintiffs appear to argue that the Policy treats Hinduism differently from other religions because it defines Hinduism as including an inhumane and racist caste system. Defendant argues that: (1) Plaintiffs lack standing and (2) the claims fail because the Policy is neutral towards religion.

#### 1. Standing

A plaintiff has standing to assert a violation of the Establishment Clause if he suffers a concrete, personal injury as a result of an alleged constitutional violation. *Cath. League for Religious and C.R. v. City and Cnty. of San Francisco*, 624 F.3d 1043, 1051 (9th Cir. 2010). Here, Plaintiffs have standing to assert their Establishment Clause claim. First, Plaintiffs demonstrate an injury in fact, as they plausibly allege that the Policy stigmatizes Hinduism. Furthermore, Plaintiffs' injuries are concrete and personal as they are CSU employees and practitioners of the Hindu faith. Second, Plaintiffs have alleged a sufficient causal connection between the Policy and their injury as the inclusion of the term "caste" is the source of their injury. Third, the injury is redressable because either removing the term or replacing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

it with "class" or "social status" as Plaintiffs suggest would remove the Policy's alleged references to religion. (Pl.'s Opp'n 15.)

### 2. Adequacy of the Claims

Defendant also challenges Plaintiffs' Establishment Clause claim by asserting that, even if Plaintiffs have standing, CSU has not violated the Establishment Clause. The Court disagrees.

To evaluate the merits of an Establishment Clause claim, a court must reference historical practices and understandings. *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2428 (2022). A government practice that unevenly impacts religion may nevertheless be constitutional if it is supported by history and tradition. *Id.*; *see also Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067, 2089 (2019) (upholding the use of religious symbolism in World War II memorials); *Town of Greece v. Galloway*, 572 U.S. 565, 591 (2014) (upholding the practice of praying before legislative sessions). Defendant contends that inclusion of the term "caste" is supported by a long history and tradition of disallowing racial discrimination in schools. While Defendant is correct that there is a long history of preventing racial discrimination in education, Defendant has not adequately demonstrated that there is a history or tradition of incorporating words with religious connotations to curb racial discrimination. Therefore, Defendant has failed to demonstrate that implicating Hinduism through the Policy's inclusion of the term "caste" is supported by history and tradition.

The Court does not need to separately analyze Plaintiffs' state Establishment Clause claim because the federal and state clauses are similar in nature. *Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1082 (9th Cir. 2012); *see also E. Bay Asian Local Dev. Corp. v. California*, 24 Cal. 4th 693, 718 (2000) (holding that California's Establishment Clause coincides with the intent and purpose of the First Amendment's Establishment Clause). Thus, Plaintiffs' state Establishment Clause claim survives as well. Accordingly, the Court **DENIES** Defendant's Motion with respect to the federal and state Establishment Clause claims.

### D. Fourteenth Amendment Due Process Claim (Claims Seven and Eight)

The void for vagueness doctrine stems from the Due Process Clause and serves two primary purposes: (1) it guarantees that ordinary people have fair notice of the conduct a policy proscribes; and (2) it guards against arbitrary or discriminatory enforcement of polices. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018). In the First Amendment context, a vague policy threatens Due Process rights because "uncertain meanings inevitably lead individuals to steer far wider of potentially prohibited speech than they would if the meaning of the policy was clear." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) (quoting *Bagget v. Bullitt*, 377 U.S. 360, 372 (1964)) (internal citations omitted).

**EXHIBIT B - DECLARATION 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

Plaintiffs contend the Policy amounts to a Due Process violation because the term "caste" is unconstitutionally vague. Specifically, Plaintiffs argue that Defendant fails to provide proper notice to students and employees of what "caste" discrimination is and how to properly address it. Furthermore, Plaintiffs contend that several sources[1]—including the dictionary Defendant urges the Court to consult—define "caste" as a part of Hinduism. Defendant argues that Plaintiffs lack standing. Further, Defendant contends that even if standing exists, the vagueness claim fails because people of ordinary intelligence are likely to understand the meaning of "caste" and anyone unfamiliar with the term may easily look up the definition.

1. **Standing**

First, the Court disagrees with Defendant regarding standing. Because Plaintiffs' Due Process challenge implicates their First Amendment rights, they are entitled to a relaxed injury in fact requirement. *Arce*, 793 F.3d at 987–88. Therefore, Plaintiffs have adequately asserted an injury because they have adequately alleged that the word "caste" is susceptible to numerous meanings, rendering the Policy vague. In fact, Defendant also argues that there are many definitions of "caste," and urges the Court to consider them with respect to Plaintiffs' Establishment Clause claim. As with the Establishment Clause claim, the causation and redressability prongs are also satisfied.

2. **Adequacy of the Claims**

Moreover, the Court disagrees with Defendant's argument regarding the definition of "caste." Defendant and Plaintiffs raise plausible arguments about the operating definition of "caste," which prevents the Court from making a definitive judgment on the issue at this stage. Accordingly, the Court declines to dismiss the claim on these grounds.

Defendant does not argue that California Due Process standards are materially different from federal standards. Therefore, the Court need not conduct a separate analysis of the state claim. Accordingly, the Court **DENIES** the Motion with respect to the state and federal Due Process claims.

E. **Declaratory Judgment (Claim One)**

---

[1] Defendant asks the Court to take judicial notice of materials in support of its position that the term "caste" has multiple definitions. (ECF No. 90-1.) However, the Court reached its conclusion relying on the Motion, Opposition, and Reply. Defendant's request for judicial notice is therefore **DENIED AS MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Kumar, et al. v. Koester* | | |

Under the Declaratory Judgment Act, courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Because Plaintiffs' declaratory judgment claim is derivative of the other claims in this suit and Plaintiffs have sufficiently pleaded multiple claims, the Court **DENIES** Defendant's Motion with respect to the declaratory judgment claim.

### F. Plaintiffs' Cross-Motion for Judgement on the Pleadings

Plaintiffs state in their introduction that they are entitled to judgment on the pleadings but make no additional arguments as to why their position is warranted. Accordingly, the Court **DENIES** Plaintiffs' Cross-Motion.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion **in part.** Accordingly, the Court **DISMISSES** Plaintiffs' Equal Protection and Free Exercise claims and their state equivalents. The Court **DENIES** the Motion with respect to all other claims.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |