Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABHIJIT BAGAL,

        Plaintiff,

vs.

KSHAMA SAWANT, in her official and individual capacities, as Councilmember, Position 3, Seattle City Council; LISA HERBOLD, in her official and individual capacities, as Councilmember, District 1, of the Seattle City Council and BRUCE HARRELL, in his official and individual capacities, as the Mayor of the City of Seattle,

        Defendants.

No. 2:23-cv-00721-RAJ

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6)

NOTE ON MOTION CALENDAR:
August 18, 2023

## I. INTRODUCTION

Plaintiff's complaint should be dismissed with prejudice because he has not adequately alleged that Defendants discriminated against Hinduism, expressed a hostility toward it, or burdened the practice of that religion. Nor has he established that the City's Anti-Caste Discrimination law has a substantial number of realistic, non-fanciful, unconstitutional applications.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER
FRCP 12(b)(1) and 12(b)(6) - 1
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## II. ARGUMENT

**1. Plaintiff lacks standing to raise any of his claims because he has not alleged a concrete injury in fact.**

Standing requires a concrete injury-in-fact, even in the First Amendment setting where standing requirements are relaxed. *Get Outdoors II, LLC v. City of San Diego, Cal.*, 506 F.3d 886, 891 (9th Cir. 2007). Plaintiff asserts only two injuries resulting from the Ordinance: chilling and stigmatic injury. Neither meets the injury-in-fact requirement of standing.

*A. Plaintiff's allegations of chilling are insufficient to confer standing.*

The parties agree that the relevant standard is whether the Ordinance "would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes v. Robinson*, 408 F.3d 559, 562 (9th Cir. 2005) (emphasis omitted). Plaintiff has not met that standard.

As examples of the effect of the Ordinance, Plaintiff claims he is chilled from engaging in two activities: practicing vegetarianism and traveling to Seattle for Seattle University alumni events. *See* Plf.'s Resp 21. However, neither the plain text of the Ordinance, nor any of the anti-discrimination laws that it amended would chill a reasonable person from practicing vegetarianism. Plaintiff does not point to language in either the Ordinance or the City's other anti-discrimination ordinances that would even arguably prohibit eating vegetarian. The argument that any City law on its face could be interpreted as a ban on vegetarianism is fanciful.

Similarly, Plaintiff has not made any showing that it is reasonable for him to fear traveling to Seattle for his alumni functions. He does not, and cannot, point to any aspect of the Ordinance that could be read to mean that attending a reunion is a form of caste discrimination or that attending a reunion could subject him to enforcement under one of the anti-discrimination statutes. The same is true for any of the typical activities that one might engage in at a reunion (e.g., networking, going to

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 2
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

lectures, socializing). To the extent Plaintiff suggests that the Ordinance bans him from traveling to Seattle because someone may think that he is a member of a "higher caste," Complaint ¶¶ 56-57, such an argument is untethered from the text of the Ordinance. That is akin to arguing that banning discrimination based on race makes it unlawful to be a white person. Anti-discrimination laws, this one included, do no such thing.

     B.     *Plaintiff's newly raised assertion of stigmatic injury is insufficient to confer standing.*

For the first time in his response brief, Plaintiff claims that the "[t]hreat of charges of potential caste discrimination will lead to Plaintiff[']s loss of employment and reputation . . . ." Plf.'s Resp. 23. These allegations do not appear in the complaint and are thus improperly raised in Plaintiff's response. Nevertheless, such allegations are insufficient to confer standing as a matter of law.

As a preliminary matter, such assertions are implausible. Plaintiff does not explain how actions by the City Council in Seattle realistically could harm his reputation and employment prospects where he lives in North Carolina. *Id.*

More fundamentally, even if the Court credits Plaintiff's implausible factual assertions, they are legally insufficient. Stigmatic injury "accords a basis for standing only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct[.]" Allen v. Wright, 468 U.S. 737, 755 (1984) (quoting Heckler v. Mathews, 465 U.S. 728, 739-40 (1984)), abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377 (2014). Plaintiff has not alleged that the Ordinance, on its face, treats him differently from anyone else. Although he makes several predictions about what how City employees might treat him in the future, such speculation cannot create an injury-in-fact. *See e.g. Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (injury-in-fact must be "'actual or imminent, not 'conjectural' or 'hypothetical'").

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER
FRCP 12(b)(1) and 12(b)(6) - 3
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**2.      Even if Plaintiff could overcome his lack of standing, his claims lack merit.**

*A. At the threshold level, Plaintiff's allegations fall short of the requirements to justify facial invalidation.*

Examination of the relief sought in his complaint demonstrates that Plaintiff brings only facial claims—not as-applied claims. Facial invalidation is "strong medicine" that should be administered only as a "last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). "To justify facial invalidation, a law's unconstitutional applications must be realistic, not fanciful, and their number must be substantially disproportionate to the statute's lawful sweep." *United States v. Hansen*, 143 S. Ct. 1932, 1939 (2023).

Plaintiff has not even attempted to meet this standard. His complaint and briefing focus exclusively on purported harms that he will suffer. That is insufficient to prevail on facial claims.

*B. Vagueness.*

Mr. Bagal claims that the Ordinance is impermissibly vague because the definition of caste is unclear and "caste is not defined." Resp. at 24, 26, 27, 35.  But the Ordinance clearly defines caste as:

> a system of rigid social stratification characterized by hereditary status, endogamy, and social barriers sanctioned by custom, law, or religion.

Ex. A to Defs.' Mot. to Dismiss (hereinafter "Ex. A") 16. Plaintiff fails to explain how this definition is impermissibly vague. Instead, Plaintiff claims that "[i]t is impossible for Plaintiff or anyone else to predict what Defendants construe as caste discrimination." Plfs.' Resp. 25. However, as described in Defendants' motion, the acts that constitute discrimination are detailed in the City's underlying anti-discrimination statutes. *See e.g.*, SMC Chapters 14.04 (workplace discrimination); 14.06 (discrimination in public accommodations); 14.08 (discrimination connected to real property).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 4
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Engaging in one of these acts based on an individual's caste is caste discrimination. There is nothing unclear about that.

Plaintiff attempts to rely on Kumar to support his vagueness argument, but in that case the challenged policy contained no definition of caste whatsoever. *Kumar v. Koester*, No. 2:22CV07550, 2023 WL 4781492, *5 (C.D. Cal. July 25, 2023).

C. *Establishment Clause.*

Plaintiff argues incorrectly, relying on *Larson v. Valente*, 456 U.S. 228 (1982), that strict scrutiny applies to his Establishment Clause claim. Plf.'s Resp. 31. *Larson* addressed an ordinance that exempted some religious denominations, but not others, from a charitable-solicitations statute. 456 U.S. at 246 ("[[W]hen we are presented with a state law granting a denominational preference, our precedents demand that we treat the law as suspect and that we apply strict scrutiny in adjudging its constitutionality."). Conversely, the Ordinance at issue here is neutral and generally applicable. By its terms, no one may discriminate based on caste—regardless of the religion of the individual who commits the discrimination. Plaintiff contends that the word "caste" is not a religiously neutral term. Plf.'s Resp. 31, 33. But the Court need not credit this assertion, because *both* Plaintiff himself, and the City Council's legislative findings state that caste is *not* tied to the Hindu religion. Compl. ¶ 31; Ex. A. at 30. Strict scrutiny does not apply.

The Establishment Clause does not allow state action which "denigrate[s] nonbelievers or religious minorities." *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 583 (2014) (cited approvingly in *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2428 (2022)). Plaintiff claims that the Ordinance disparages Hinduism, but the Court need only refer to the text of the Ordinance to conclude that his claim lacks merit. The Ordinance contains the word "Hinduism" once, in the "Findings" section. There, it is mentioned in order to *dispel* the idea that caste is found only in Hinduism:

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 5
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

> Although caste is often associated with Hinduism and India, it transcends geographic boundaries, with caste-based discrimination showing up in Christian and other religious communities, all over South Asia, and in Southeast Asian and African communities, including Japan, the Middle East, Nigeria, Somalia, and Senegal.

Ex. A at 30. This statement does not criticize Hinduism. Moreover, Plaintiff agrees with the sentiment, as he himself asserts that caste is not inherent in the Hindu religion. Compl. ¶ 31.

Thus, Plaintiff is challenging a version of the Ordinance that does not exist. He claims that the Ordinance "link[s] the Hindu religion with a caste system and caste discrimination." Compl. ¶ 33. On the contrary, the Ordinance explicitly clarifies that "caste" is not specific to Hinduism. Plaintiff states repeatedly that some sources define caste as a hereditary class within Hinduism. Plf.'s Resp. 31-32. But the plain text of the Ordinance's definition does no such thing. In sum, the Ordinance does not disparage Hinduism.

D. Free Exercise.

As explained above, the Ordinance is neutral and generally applicable. Accordingly, Plaintiff's contention that strict scrutiny applies to his Free Exercise claim is incorrect. *Kennedy*, 142 S. Ct. at 2422.

To state a valid claim under the Free Exercise Clause, a plaintiff must "show[ ] that a government entity has burdened [her] sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Id.* (citation omitted); *see also Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1159 (9th Cir. 2022); *Apache Stronghold v. United States*, 38 F.4th 742, 770 (9th Cir. 2022).

Plaintiff does not adequately allege a burden on his religious practice. He asserts only two purported burdens, claiming that the Ordinance "forc[ed]" him "to either change [his] vegetarian diet based on religious belief or cancel [his] trip to Seattle" to attend a university alumni reunion. Plf.'s Resp. 34. First, as noted above, Plaintiff's contention that the Ordinance or any other City law prohibits vegetarianism is fanciful. Second, he offers no explanation as to why the Ordinance required

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 6
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

him to cancel his trip to Seattle. As is clear from the face of the Ordinance, in order to violate the anti-discrimination laws modified by the Ordinance, some aspect of Plaintiff's religious practice would need to fall within the definition of discrimination in one of those specific anti-discrimination laws.

E. *Equal Protection.*

Contrary to Plaintiff's assertions, the Ordinance does not treat individuals differently *based on their caste*. What the Ordinance does do is treat individual differently based on whether they *commit caste discrimination* in specific contexts. The Ordinance provides that no one can be discriminated against on the basis of caste.

Accordingly, the Ordinance would violate the Equal Protection Clause only if it has both a disparate impact on people who belong to certain castes and if Plaintiff establishes that the City Council was motivated at least in part by discriminatory animus. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977). As explained in Defendants' motion, Plaintiff has not sufficiently alleged discriminatory animus. Defs.' Mot. to Dismiss 14-16.

Plaintiff attempts to rely on Supreme Court cases invalidating anti-discrimination laws, but those laws or actions all featured problems that are not present here. *See, e.g.*, *303 Creative LLC v. Elenis*, 143 S. Ct. 2298 (2023) (anti-discrimination law resulted in compelled speech); *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868, 1876 (2021) (anti-discrimination law resulted in burden on religious exercise); *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 138 S. Ct. 1719, 1729, 201 L. Ed. 2d 35 (2018) (government officials carrying out enforcing anti-discrimination law expressed hostility toward religion). Plaintiff's efforts to analogize those cases to the present case are thus unsuccessful.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 7
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**3. Plaintiff should be denied leave to amend because he did not comply with Local Civil Rule 15.**

In his response brief, Plaintiff seeks leave to amend his complaint. Plf.'s Resp. 37. Local Rule 15 requires a party seeking leave to amend to submit a copy of the proposed amended pleading. Plaintiff has not done that. Nor has he provided any description of the amendments that he plans to make. Accordingly, it is not possible for this Court to evaluate—nor is it possible for Defendants to brief—the relevant factors. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n. 5 (9th Cir. 2011).

### III.   CONCLUSION

For the foregoing reasons, this Court should dismiss the Plaintiff's complaint in its entirety under FRCP 12(b)(1) or 12(b)(6).

DATED this 18th day of August, 2023.

I certify that this memorandum contains 2,023 words, in compliance with Local Civil Rule 7(e).

ANN DAVISON
Seattle City Attorney

By:   */s/Kerala Cowart*
    Kerala Cowart, WSBA# 53649
    Natasha Khanna, WSBA #52870
    Assistant City Attorneys

    E-mail: kerala.cowart@seattle.gov
    E-mail: natasha.khanna@seattle.gov

    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 8
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Phone: (206) 733-9001

*Attorneys for Defendants Kshama Sawant, Councilmember, Lisa Herbold, Councilmember and Bruce Harrell, Mayor of the City of Seattle*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6) - 9
2:23-cv-00721-RAJ

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200